IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAWRENCE E. THOMAS EL,     :     CIVIL NO.  3:CV-04-2013
          Plaintiff        :
                           :     (Judge Munley)
          v.               :
                           :
DEPARTMENT OF JUSTICE,     :
ET AL.,                    :
          Defendants       :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM AND ORDER

The above-captioned civil rights action was initiated by Lawrence E. Thomas El, an

inmate presently confined at the Federal Correctional Institution at Schuylkill.  (Doc. 1).

Presently pending is defendants' motion to dismiss or, in the alternative, for summary

judgment.  (Doc. 30).  The motion is ripe for disposition.  For the reasons set forth below, the

motion for summary judgment will be granted.

I. Factual Background.

On September 10, 2004, plaintiff filed the instant complaint that contains both Bivens[1]

and Federal Tort Claim Act (FTCA) claims. The complaint arises out of a February 18, 2004

incident and the subsequent placement of plaintiff in the Special Housing Unit ("SHU").

Specifically, on February 18, 2004, Dr. Ross Quinn ("Dr. Quinn"), a physician who was

assigned temporary duty status at the Federal Correctional Institution at Allenwood, asked to

see  plaintiff in the medical department to discuss his HIV status.  (Doc. 33-5, pp. 3, 4).

Unbeknownst to Dr. Quinn, there were two inmates in the same housing unit with the last

_____

[1]Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

name of Thomas, Lawrence Thomas[2] and Tarico Thomas.  When the inmate entered the

examination room, Dr. Quinn advised him that his HIV status had advanced and that it was

necessary to place him on medication. Based on the inmate's reaction, Dr. Quinn asked the

inmate to verity his registration number.  Dr. Quinn then realized that the inmate to whom he

was speaking was not Lawrence Thomas, but rather, Tarico Thomas.  (Doc. 33-5, p. 4).

Tarico Thomas was dismissed, and shortly thereafter, Lawrence Thomas was brought into the

examination room and evaluated by Dr. Quinn.  (Doc. 33-5, p. 5).

The following day, plaintiff was placed in the Special Housing Unit pending

investigation into the incident.  During the course of the investigation, plaintiff was

interviewed by a lieutenant.  He informed the lieutenant that he accepted the fact that his HIV

condition was divulged to another inmate because, prior to the incident, his condition was not

concealed among the other inmates.  (Doc. 33-5, p. 7).  It was therefore determined that no

further investigation was necessary.  Thereafter, plaintiff requested to be placed back in

general population.  Because there were no longer security concerns, and no further

investigation was needed, plaintiff's request was granted.  Plaintiff was later transferred to

the Federal Correctional Institution at Schuylkill.

The Bureau of Prisons maintains records of the administrative remedies filed by

inmates.  (Doc. 33-5, p. 13).  The records indicate that plaintiff filed requests for

administrative relief on June 30, 2004 and September 1, 2004.  (Doc. 33-5, pp. 17, 18).  Each

---

[2]Although he has filed this action as "Thomas-El," he is listed in Bureau of Prisons
records as "Thomas."  (Doc. 33-1, p. 2).

time, the requests were rejected because he submitted the remedy at the wrong level of review. (Doc. 33-5, pp. 16-28). The rejection notices clearly stated "[y]ou submitted your request or appeal to the wrong level. You should have filed at the institution. . . . you must first file a BP-9 request through the institution for the warden's review and response before filing an appeal at this level." (Doc. 33-5, pp. 19, 21). Plaintiff was further informed that the issue that he raised was not sensitive. Further, "[i]ssues regarding release of medical info must be addressed by the institution before filing to region." (Doc. 33-5, p. 21). While plaintiff filed several letters inquiring about the status of his administrative remedy requests, at no time did he refile the requests with the warden, as directed.

Nor is there anything on the record that indicates that he pursued administrative remedies concerning the FTCA claim. (Doc. 33-5, p. 14).

II. Standard of Review.

"Summary judgment serves as a minimal but important hurdle for litigants to overcome before presenting a claim to a jury." Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 314 (M.D. Pa. 2004). Faced with such a motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of the claim. FED. R. CIV. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Corneal v. Jackson Township, 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003), aff'd, 94 Fed. Appx. 76 (3d Cir. 2004). "Such affirmative evidence--regardless of whether it is direct or circumstantial--must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 231-

3

32 (3d Cir. 2001)(quoting <u>Williams v. Borough of West Chester</u>, 891 F.2d 458, 460-61 (3d Cir. 1989). Only if this burden is met can the cause of action proceed. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250-57 (1986); <u>Matsushita Elec. Indus. Co. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587-89 (1986); <u>see</u> Fed. R. Civ. P. 56(c), (e).

III. Discussion.

A. <u>Bivens</u> claim.

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002): <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 73 (3d Cir. 2000)(quoting <u>Beeson v. Fishkill Corr. Facility</u>, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998).

The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. <u>Spruill v. Gillis</u>, 372 F.3d 218,

227-32 (3d Cir. 2004); <u>see also</u> <u>Nyhuis</u>, 204 F.3d at 77-78.  A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim.  <u>Spruill</u>, 372 F.3d at 227-32; <u>see also</u> <u>Camp v. Brennan</u>, 219 F.3d 279.

The BOP has established an administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 <i>et seq</i>., whereby a federal prisoner may seek formal review of any aspect of his imprisonment.  Inmates must first informally present their complaints to staff and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief.  28 C.F.R. § 542.13(a).  If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined.  <u>Id</u>. at §542.14(a).  If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP.  <u>Id</u>. at §§542.15(a) and 542.18.  No administrative remedy appeal is considered to have been fully exhausted until it has been presented to, and denied by, the BOP's Central Office.  <u>Id</u>. at §542.15.

As noted above, the BOP records were examined to determine whether plaintiff had exhausted his administrative remedies with respect to the issues raised in this complaint.  It was found that while plaintiff filed two administrative remedies, both were rejected because they were filed at the wrong administrative level.  Although plaintiff filed letters inquiring about the status of his remedies, there is no indication that he refiled the requests at the appropriate level of review.  Faced with a summary judgment motion, the adverse party must produce affirmative evidence, beyond the disputed allegations of the pleadings, in support of

the claim.  Plaintiff has failed to demonstrate that he has exhausted his administrative

remedies.  Consequently, the defendants' motion will be granted with respect to the <u>Bivens</u>

claim.

      B.  FTCA claim.

      The FTCA provides a remedy in damages for the simple negligence of employees of

the United States with regard to their protection of federal inmates.  <u>United States v. Muniz</u>,

374 U.S. 150, 150 (1963).  It was designed to protect government employees, acting in their

official capacity and within the scope of their employment, from negligence-based lawsuits.

In presenting an FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a

defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the

proximate cause of the plaintiff's injury/loss.  <u>Mahler v. United States</u>, 196 F. Supp. 362, 364

(W.D. Pa. 1961), <u>aff'd</u> 306 F.2d 713 (3d Cir. 1962).

      Prior to filing an action in a federal court pursuant to the FTCA, an inmate must

submit the claim in writing to the appropriate federal agency as an administrative tort claim.

28 U.S.C. § 2675(a).  After the claim is denied, the plaintiff must begin an action in an

appropriate United States District Court within six (6) months of the date of mailing a notice

of denial by the agency to which the claim was presented, or the claim is barred.

      It is undisputed that plaintiff failed to file an administrative tort claim with the

appropriate federal agency.  Defendants' motion for summary judgment will therefore be

granted.

An appropriate order will issue.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAWRENCE E. THOMAS EL,** | : | **CIVIL NO. 3:CV-04-2013** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF JUSTICE,** | : | |
| **ET AL.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2005, in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment (Doc. 30) is GRANTED.

2. The Clerk of Court is directed to ENTER JUDGMENT In favor of defendants and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal form this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. §1915(a)(3).

**BY THE COURT:**

**JUDGE JAMES M. MUNLEY**
**United States District Court**